UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
LAWYERS TITLE COMPANY, LLC      :
                                                : CASE NO. 1:12-CV-2098
          Plaintiff,                           :
                                                :
vs.                                             : OPINION & ORDER
                                                :
KINGDOM TITLE SOLUTIONS,    :
INC., *et al*                                 :
                                                :
          Defendants.                       :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this business dispute, Lawyers Title Company, LLC, sued its smaller competitor Kingdom Title Solutions, Inc., and two former Lawyers employees, Sarah Bittinger and Deborah Frattaroli, after Bittinger and Frattaroli resigned from Lawyers and began employment at Kingdom. The Court granted summary judgment for Kingdom and partial summary judgment for the former employees.[1] Following trial, a jury assessed $13,028 in damages against Bittinger but found Frattaroli not liable.[2] Lawyers now asks the clerk to tax its costs against Bittinger under Federal Rule of Civil Procedure 54(d)(1), and Kingdom, in turn, asks the clerk to tax its costs against Lawyers.[3] The Court exercises

---

[1][Doc. 81.]

[2][Doc. 128.]

[3][Docs. 134, 137.]

-1-

Case No. 1:12-CV-2098
Gwin, J.

its discretion and orders that no costs be taxed in this case.

This lawsuit arises from the June, 2012, unraveling of Lawyers's Medina, Ohio, title insurance sales office. Prior to June 2012, Defendants Sarah Bittinger and Deborah Frattaroli worked to sell and service title insurance and title services on behalf of Lawyers.[4] In June of 2012, Brian Moore, the president of Kingdom Title, a competitor to Lawyers, approached Bittinger and offered her an ownership interest in a to-be-created Kingdom office in Medina, Ohio.[5] He offered to hire Frattaroli as well.[6] Both Bittinger and Frattaroli accepted Kingdom's offer on June 7, 2012.[7] But before their departure from Lawyers Title on June 22, 2012, Bittinger worked with Kingdom on several title-insurance transactions that might otherwise have been handled by Lawyers. Lawyers sued.

Testimony indicates that title insurance services are substantially similar across the industry.[8] Like attorneys, title insurance salespeople often have a client base who will follow them from employer to employer. Customers look for service and service is more directly associated with employees rather than with title insurance underwriters. Against this backdrop, a title insurance business could seek to negotiate a non-compete agreement as a contract term governing employment. But Plaintiff Lawyer's never obtained any non-compete agreement or non-solicitation agreements

---

[4] [Doc. 67-11 at 24-25.]

[5] [Doc. 67-11 at 54, 55.]

[6] [Doc. 67-11 at 54, 55.]

[7] [Doc. 67-11 at 56-57.]

[8] [Doc. 67-11 at 22; 66-12 at 1-2.]

Case No. 1:12-CV-2098
Gwin, J.

from Bittinger and Frattaroli.[9]

Kingdom moved for summary judgment and Bittinger and Frattaroli, jointly, moved for partial summary judgment.[10] The Court granted summary judgment for Kingdom and partial summary judgment for Bittinger and Frattaroli.[11] The parties proceeded to trial on theories of breach of fiduciary duty, breach of duty of loyalty, and tortious interference with business relations for Bittinger and Frattaroli's conduct from June 7 through June 22, 2012. A jury found no substantiated claim against Frattaroli, but assessed $13,028 in damages against Bittinger.[12]

Lawyers then filed a bill of costs with the Clerk asking the Clerk to tax costs in the amount of $6,238.40 against Bittinger pursuant to Federal Rule of Civil Procedure 54(d)(1).[13] Bittinger objects saying that because the damage award fell significantly below Lawyers's settlement demand of $400,000, Lawyers is not a prevailing party.[14] Kingdom then filed its own bill of costs, asking the Clerk to tax costs against Lawyers in the amount of $2,558.42.[15] Lawyers responds that it is a prevailing party because it won a jury verdict against Bittinger, but says that Kingdom is not because Lawyers plans to appeal the Court's order granting summary judgment for Kingdom.[16]

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules,

---

[9] [Doc. 66-4, 66-5, 65-2 at 11-12.]

[10] [Docs. 67, 68.]

[11] [Doc. 81.]

[12] [Doc. 128.]

[13] [Doc. 134.]

[14] [Doc. 135.]

[15] [Doc. 137.]

[16] [Docs. 138, 139.]

-3-

Case No. 1:12-CV-2098
Gwin, J.

or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Nonetheless, United States Code, Title 28, "[Section] 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."[17]

The Court exercises this discretion here. Had Lawyers really cared about managing its costs, it would have negotiated and paid for non-compete agreements or arbitration agreements with its former employees. Through such agreements, Lawyers could have clarified what behavior it found objectionable and minimized the ensuing the costs of this litigation. Instead, having now obtained only minimal litigation success, Lawyers now seeks to foist the costs that it could have avoided onto its former employee. The value of this litigation was minimal—both for Lawyers and for future litigants. Lawyers brought state-law claims, that are of minimal precedential value for future litigation and it obtained a trifle in damages. Given the minimal amount of damages at issue, Lawyers Title's only apparent litigation goal was to impose costs upon Kingdom Title for Kingdom Title's temerity in offering a better job to an at-will employee. Based on these considerations, the Court orders that the Clerk not tax costs for Lawyers.

Kingdom's position is more sympathetic, but still unavailing. Kingdom undoubtedly understood that it might provoke its larger competitor to litigation by hiring Lawyers's Medina employees. Unfortunately, litigation has become a cost of doing business. And the costs here are

---

[17] *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *see also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) ("[T]he decision whether to award costs ultimately lies within the sound discretion of the district court.").

Case No. 1:12-CV-2098
Gwin, J.

relatively minimal. The interests in preventing spurious litigation, but also reckless—even if not tortious—behavior will be best served by requiring the parties to internalize the costs of their behavior.

    For the foregoing reasons, the Court orders that no costs be taxed in this case.

    IT IS SO ORDERED.


Dated: June 11, 2013                       *s/       James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE